■ ALMA GAD, Appellant, v. ROBERT K. GAD, JR., Respondent.— In an action by a wife against her husband, the wife appeals from an order of the Supreme Court, Nassau County, entered March 31, 1965, which denied her motion for summary judgment. The action is (1) for a declaration that the husband has no right to deduct from the sum payable by him under their separation agreement a sum equal to Social Security benefits (based on his disability) received by her for the support of their minor children, which she began receiving about a year after the making of the agreement and (2) to recover the amount due under the agreement. Order affirmed, without costs. No opinion. Beldock, P. J., Brennan, Hill and Rabin, JJ., concur; Hopkins, J., dissents and votes to grant summary judgment to plaintiff, with the following memorandum: In this action plaintiff, the wife of the defendant, seeks a judgment declaring that the defendant may not deduct from the monthly sum due under a separation agreement between the parties for the support of the plaintiff and the two children of the marriage the amount of payments received as insurance benefits from the Social Security Administration on account of defendant's disability. That agreement, made some six months before defendant's disability occurred and a year before the payment of the insurance benefits began, provided that defendant should pay $700 monthly for the support of plaintiff and the children and that, in the event defendant became totally disabled, the support should be reduced to $500 monthly. The agreement then provided that "the determination as to whether the party of the second part [defendant] is totally disabled shall be the qualification of the party of the second part for social security benefits based upon such disability." Defendant

received social security benefits of $124 monthly; additional benefits were payable for the children. The Social Security Administration made a ruling " after considering all the evidence submitted" that the benefits on behalf of the children should be paid to plaintiff rather than defendant. Defendant has deducted the amount of the benefits received by plaintiff for the children from the monthly support payment due under the separation agreement. Defendant's answer contains four defenses and two counterclaims. We are agreed that, except for one of the defenses, defendant's opposing affidavits raise no triable issue and do not support the counterclaims or defenses. The defense about which the majority and I differ alleges that at the time the separation agreement was executed the parties agreed that the sums received by plaintiff as social security benefits would be credited against the sum which defendant obligated himself to pay under the agreement. Defendant's affidavit makes clear that this alleged contemporaneous agreement was oral and was made during the negotiations leading to the written separation agreement. In my opinion, the parol evidence rule prevents proof of the contemporaneous oral agreement. There is nothing in the separation agreement that is at all ambiguous; as I read it, the obligation of support is clearly and completely stated. The potential disability of defendant as a condition modifying the amount of support was plainly recognized; and the parties further recognized that social security benefits would become payable if defendant's disability should arise, for the judgment of the Social Security Administration is the event accepted by the parties to give operative effect to the terms of the separation agreement authorizing a reduction in the amount of support. Evidently, the existence and amount of social security benefits were important parts of the bargaining out of which the written agreement grew. Under these circumstances, the alleged oral agreement does not supplement the terms of the written agreement, but rather varies them (cf. *Garrison* v. *Garrison,* 1 A D 2d 294, 296, affd. 2 N Y 2d 871). Classically stated, the parol evidence rule forbids the use of an oral agreement to vary a written contract unless three factors together exist: (1) the agreement must be in form collateral; (2) it cannot contradict the terms of the writing; and (3) it must be one which the parties would not be expected to put in the writing (*Mitchill* v. *Lath,* 247 N. Y. 377, 381). It seems clear to me that the oral agreement alleged by defendant satisfies none of these factors. The parol evidence rule is, in a sense, a reflection of the rule of integration — that when parties have intended their written agreement to embody their entire understanding, and it is complete on its face, such an agreement may not be changed orally. Here, the separation agreement specifically states the intent of the parties, for it provides: " The parties have incorporated in this agreement their entire understanding. No oral statement or prior extrinsic matter to this agreement shall have any force or effect." It does not appear conceivable that against the plain language of this provision the parties would leave to the uncertainties of a parol agreement the critical element of the application of social security benefits in defining the amount of support for a wife and children in a separation agreement (cf. *Matter of Donnelly,* 3 Misc 2d 986, 988). Since defendant's evidence of the oral agreement in my opinion must be excluded, it follows that summary judgment must be granted to plaintiff.